## *Peebles vs. Porter & Co.*

Error to the Mason Circuit; W. P. ROPER, Judge.

*Demurrer to evidence. Pleading. Leave to give special matter in evidence. Conditions precedent. Practice. Mandates.*

COVENANT.

Case 130.

Judge MILLS delivered the opinion of the court.

NORMAN PORTER & COMPANY, a firm of Philadelphia, brought their writ, in covenant, against Theophilus Page & Co. composed of Theophilus Page and Robert Peebles, a copartnership of Maysville in this state. The writ was executed on Peebles only, and returned "no inhabitant" as to Page, by which it abated.

The plaintiffs declared on a covenant, the stipulations of which, in substance, were, that they, the plaintiffs, should transport and deliver, by a specified time, eighteen boxes of tin, at the store of Messrs. January, Winans and January, commission merchants in Maysville, and *within* three months thereafter, eighteen boxes *more*; at the expiration of the next three months, eighteen boxes more, and at the expiration of three more months, the last and fourth quantity of eighteen boxes; and that on the delivery of each of these parcels, or number of eighteen boxes each, Page & Co. stipulated to execute their note of hand, payable at the branch bank of Washington, Kentucky, within five months from the date, for four hundred and sixty-eight dollars, the price of each parcel of boxes. They then averred the delivery of each parcel of boxes, at the place and times specified, in as many several averments, and assigned breaches in the defendants' not executing their notes at each time, as stipulated.

The defendant, Peebles, by his plea, which the clerk says *was ordered to be filed* (instead of simply noting the fact that it was filed, which is the only proper entry) alleged the performance of the covenants in full, and concluded to the country; to which the plaintiffs filed their joinder, and then annexed this agreement or note, signed by the plaintiff's counsel:

November 27.

Parties to the action.

Declaration.

Plea, and agreement that special matter may be given in evidence signed by plaintiff's attorney.

PEEBLES
vs.
PORTER &Co.

"The special matter which could be legally specially pleaded, may be given in evidence."

At the final trial, which is the only part of the record which we need to notice, the plaintiffs gave in evidence the covenant declared on, precisely corresponding with that recited in the declaration, and then closed their proof.

**Demurrer of defendant to the evidence.**

The defendant demurred to the evidence, and the plaintiffs joined in demurrer.

**Conditional verdict.**

The jury found a conditional verdict, of the price of the whole quantity of tin in damages, if the law on the demurrer to evidence was for the plaintiff, and for the defendant if the law was for him.

**Judgment for plaintiff.**

The court below rendered judgment for the plaintiffs, to reverse which this writ of error is prosecuted.

**Party holding the affirmative cannot demur to his adversary's evidence.**

If the demurrer to evidence is to be considered with regard to the issue made up in the cause by the plea alone, then the judgment of the court is right; because by that issue the defendant took the affirmative, and was bound to adduce all the evidence on his part, when he adduced none. Besides, a demurrer to evidence on the part of him who holds the affirmative of the issue, is absurd in itself, and ought not to be allowed.

**Leave, on the issue of covenants performed, that "the special matter which could be legally pleaded, may be given in evidence," puts the plaintiff on the proof of the performance of a condition precedent—**

**—Such leave has the effect**

The question must therefore rest on the permission to give any special matter in evidence which might have been pleaded in bar. To give this agreement or permission no effect, would be disregarding the intention of the parties and overturning the established understanding of a practice well known, oftentimes subserving the purposes of convenience, and always the ease or indolence of counsel. The question then remains, what is the effect to be given to it? Ought it to be construed to include affirmative pleas only, or both affirmative and negative. If affirmative pleas only are included, then the demurrer was improper and the judgment right. But if negative pleas also are embraced, then very different consequences follow. In the covenant there was an undoubted precedent condition to be per-

formed on the part of the plaintiffs, to-wit: the previous delivery of the tin at the time and place, and that precedent condition occurred; and was to be performed by the delivery of each parcel of boxes, before the defendant was bound to do any thing on his part. The proof of the performance of these precedent conditions, the defendant demanded under the agreement, and the defendants refused to produce such proof, and hence the demurrer. We have no doubt that negative pleas were and are included in this permission or agreement, and that such is the usual understanding of the practice, and is justified by the meaning of the terms employed. We would not be understood as extending such permission to such negative pleas as *non est factum*, or impeaching the consideration which particular statutes, or the rules of practice required to be verified by affidavit, before they are filed; but all other negative pleas are embraced. The precedent conditions were, and must necessarily be, averred, on part of the plaintiff, or no cause of action is shewn. A traverse of these averments are, and must be, made by a special, legal plea; and the defendant did give it in evidence as special matter, on the face of the plaintiff's own evidence; and the want of it was sufficient evidence on part of the defendant. On the face of the record and the plaintiff's evidence, and the issues made by the agreement of the parties, the plaintiffs failed to shew any good cause of action, and the court below erred in rendering a judgment for the plaintiffs on the conditional verdict, when a judgment for the defendant was the only legal inference from the whole record, which contained in it all legal negative pleas on the part of the defendant, those alone which require an oath, or those of a dilatory character excepted.

Judgment reversed with costs, and cause remanded, with directions to enter judgment for defendant on the verdict.

*Crittenden* and *Brown* for plaintiff; *Chinn* for defendants.

PEEBLES
vs.
PORTER&Co.

of all negative and affirmative pleas, except those requiring affidavits.

Mandate for judgment against the party who demurred to the evidence.